# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cr-00019 |
| | ) | JUDGE CORKER |
| CHINAGOROM ONWUMERE, | ) | |
| | ) | |
| Defendant | ) | |

## RESPONSE IN OPPOSITION TO UNITED STATES' MOTION FOR UPWARD DEPARTURE OR UPWARD VARIANCE

COMES NOW, the Defendant, Chinagorom Onwumere, by counsel, and files this response in opposition to the Motion for an Upward Departure or Variance filed by United States on October 29, 2025.

The United States has filed a motion for an upward departure and/or upward variance pursuant to 18 U.S.C. § 3553(a) and U.S.S.G. §§ 2B1.1, comment. (n. 21(A)(ii)), 5K2.1 (Death), and 5K2.3 (Extreme Psychological Injury). And subsequently the Government is requesting a sentence of 11 years for Mr. Onwumere. That is significantly higher than the guidelines as calculated in the PSR and the requested sentence in Mr. Onwumere's Sentencing Memorandum.

The Government relies on U.S.S.G. § 2B1.1, comment. (n. 21(A)(ii) and cites three examples of a defendant's behavior that had knowledge of the potential result of the criminal behavior. The facts of this case do not satisfy the threshold conditions that warrant such a departure. The guideline text and examples to Note 21(A)(ii) indicate that this departure and variance are discretionary and intended only for extraordinary cases where a defendant's economic offense foreseeably results in death or serious bodily injury. As stated in Mr.

Onwumere's Response in Opposition to the Government's Objections to the PSR and his Sentencing Memo, Mr. Onwumere had no contact with the victim or any knowledge of the tactics or communications with the victim. Note 21(A)(ii) provides narrow examples of theft of records from a protected computer that results in death, animal-rights terrorism causing serious bodily injury, or pre-retail medical product fraud leading to death. Each involves direct, foreseeable, and proximate harm. None involves speculative or indirect causal harm.

The Government also argues that U.S.S.G. 5K2.1 contains a policy statement that expressly permits above-guideline sentences "[i]f death resulted." The Government cites *United States v. Mayle*, 334 F.3d 552, (6th Cir. 2003). The Sixth Circuit in that case held that the district court's findings that Mayle, the defendant in this case, murdered three individuals were supported by sufficient circumstantial evidence and were not clearly erroneous, even though these findings led to a sentence increase. *Id*. at 567. In that case the defendant, was shown to have murdered the victims of his fraud. *Id*. At 556 to 565. The Government cites *United States v. Vernier* an 11th Circuit case where the evidence strongly supported the conclusion that defendant killed the victim. *United States v. Vernier*, 335 F. Supp. 2d 1374, 1381 (11th Cir. 2005).

The Government also reviews *United States v. Montgomery*, in that case "[t]he United States moved for a four level upward departure under USSG § 5K2.1 because the death of Montgomery's wife resulted from his unlawful possession of firearms. After a hearing, the district court found Montgomery contributed to his wife's suicide by "engaging in a pattern of escalating violence toward [her], culminating in an incident just hours before her suicide," threatening to take the couple's son away from her and "thwarting [her] efforts to receive treatment for her apparent depression . . . ." *United States v. Montgomery*, 439 F.3d 1260, 1261

(10th Cir. 2006). (internal cites omitted). Mr. Onwumere's case is distinguishable in that he had no contact with victim or knowledge of the details of the scam.

Lastly, the Government asks for a departure and/or variance based on the grounds of extreme psychological injury and emotional trauma inflicted on the victim. Guideline 5K2.3. The Government relies on *United States v. Jarvis* where that court found that the "fraudulent scheme caused several victims to suffer severe emotional trauma sufficient to justify an upward departure for conduct outside the heartland of the fraud sentencing guideline. *United States v. Jarvis*, 258 F.3d 235, 241 (3d Cir. 2001). In that case the court found that the defendant "caused psychological injury to his victims and knowingly endangered their solvency." Id at 236. Additionally, the defendant, in that case, had direct contact with several of the victims. Id at 238 to 240. Mr. Onwumere's case is distinguishable in that he had no contact with the victim or knowledge of the details of the scam.

As stated, this is a duplicitous enhancement to the sentencing guideline range. Mr. Onwumere has pled guilty to aiding and abetting aggravated stalking resulting in death. Enhancing Mr. Onwumere effectively punishes him for the same activity twice.

Mr. Onwumere does not overlook the serious or tragic consequences of this matter. He has pled guilty to the offences in this case and takes responsibility for his actions. He respectfully submits his actions are distinguishable from the precedents in that he was not aware of the details of the overall conspiracy and was not in contact with the victims.

WHEREFORE, Mr. Onwumere respectfully requests that the Court not depart or vary upwardly. He respectfully requests a sentence sufficient but not greater than necessary to accomplish all of the statutory purposes of sentencing.

RESPECTFULLY SUBMITTED

Chinagorom Onwumere
By Counsel

BY: s/ *L. Dudley Senter*

Leroy Dudley Senter, III
BPR No. 047393
The Senter Law Firm, P.C.
713 Volunteer Parkway, Suite 7
Bristol, TN 37620
(423) 764-5255
(423) 764-5655 fax

## CERTIFICATE OF SERVICE

I hereby certify that on November 4th, 2025, a copy of the foregoing Memo was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ L. Dudley Senter, III
L. Dudley Senter, III, Esquire